JAMES N. BRADLEY, PLAINTIFF, *v.* MARY A. LEAHY AND OTHERS, DEFENDANTS.

JOHN J. BURCHELL, PURCHASER, APPELLANT.

*Purchase at a mortgage foreclosure sale subject to a prior mortgage — misstatement in the terms of sale as to the date at which the prior mortgage was due — oral statements by the auctioneer, in contradiction of the terms of sale (not heard by the purchaser), that it was in fact under foreclosure, disregarded.*

Where, under a decree for the foreclosure of a second mortgage, by the terms of sale, as read by the auctioneer and signed by the purchaser, " the property is sold subject to a first mortgage of $5,000, due September, 1888; " and it appears that at the time of the sale the prior mortgage was in process of fore-

closure, and a decree for the foreclosure thereof and the sale of the premises had actually been entered, before the time at which the purchaser was to take his deed, the purchaser is entitled to be relieved from his purchase.

Although the plaintiff's attorney and the auctioneer testify that at the time of the sale a statement was made by the auctioneer, publicly and aloud, that the prior mort. gage was then in process of foreclosure (which the purchaser states that he did not hear), the purchaser will not be compelled to complete the purchase of the property.

APPEAL by John J. Burchell, the purchaser at a judicial sale, from an order, denying his motion to be relieved from the purchase and granting the plaintiff's motion to compel him to complete it, entered in the clerk's office of the county of New York June 14, 1889.

*Charles Unangst,* for the purchaser, appellant.

*John Brooks,* for the plaintiff, respondent.

BARRETT, J.:

The sale was under a decree for the foreclosure of a second mortgage. The terms of sale, as read by the auctioneer, and signed by the purchaser, contained this provision : " Seventh. The property is sold subject to a first mortgage of $5,000 *due September,* 1888." The sale took place *on the 28th day of January,* 1887. The property was struck down to Mr. Burchell for $1,050 over and above, and subject to, the first mortgage. Mr. Burchell thereupon paid $605 on account of the purchase-money, and signed the terms of sale containing the above provision. It appears that at the time of the sale the prior mortgage was in process of foreclosure, and the decree therein was actually entered before the time fixed for Mr. Burchell to take his deed. Upon this state of facts Mr. Burchell asked to be relieved. There is no doubt that the provision which we have quoted from the terms of sale was a substantial misrepresentation. The prior mortgage was *then* due, and the statement that it would not be due until September, 1888, was inaccurate and misleading. Mr. Burchell purchased upon the faith of that statement. He purchased the premises for immediate sale or exchange, and he relied upon the margin of eighteen months, which, according to the terms of sale, he would have to effect such sale or exchange before the maturity of the prior mortgage. By

reason of this misrepresentation, the premises were practically worthless for the purpose for which they were purchased, and Mr. Burchell really acquired nothing more substantial than a claim to the surplus moneys which might result from the impending sale under the decree of foreclosure of the prior mortgage.

The plaintiff, however, claims that Mr. Burchell should be held to his purchase because of a statement said to have been made publicly and aloud at the time of the sale *that the prior mortgage was then in process of foreclosure.* The plaintiff's attorney testifies that this announcement was made, and he furnishes certain details tending to give probability to the statement. He is corroborated by the auctioneer. Upon the other hand, Mr. Burchell distinctly affirms that he heard no such announcement; that he heard the terms of sale read by the auctioneer and noted the repetition of the provision therein, that the property in question was "sold subject to a first mortgage of $5,000, *due September*, 1888." In this he is inferentially corroborated by the referee, *who makes no affidavit,* but who states in his report that he attended the sale in person and sold the premises for the sum of $1,050, "over and above and subject to a first mortgage on said premises for $5,000, *due September* 1, 1888, and on which there was stated to be due on the day of sale the sum of $5,342.83." Mr. Burchell says that he understood this $342.83 to refer to interest, while the plaintiff's attorney and the auctioneer say that it referred to interest *and costs of foreclosure.* The referee is silent upon the latter head and also as to the alleged announcement that the prior mortgage was then in process of foreclosure. Upon the whole, then, the fact of the latter announcement is in doubt (for the testimony is somewhat evenly balanced), and it is, at all events, impossible to attribute negligence to the purchaser in not hearing and noting a statement which was in direct conflict with the terms of sale. He had a right to rely upon the terms of sale, and he had no reason to exercise extraordinary vigilance to see that they were not suddenly varied at the last moment. If this were a private contract between individuals, clearly the terms of sale would govern. They were carefully prepared for the purpose of embodying the contract — the entire contract. They were carefully read and scrutinized before they were signed. A court of equity would never enforce such a contract where there is a material

misrepresentation therein to the prejudice of the vendee. Nor should the court compel the purchaser to take under its decree where such a misrepresentation is made by its own officer.

It is plain that, owing to this misrepresentation, Mr. Burchell cannot get what he bargained for. It is equally plain that had he known the true condition of things, he would have declined to bid. Under such circumstances, specific performance will not be decreed (Waterman on Specific Performance, § 504; Bingham on Sales of Real Property, 666; 2 Pomeroy's Eq. Jur., §§ 889, 890), still less will a judicial sale be enforced.

The order should, accordingly, be reversed, with ten dollars costs and disbursements, the plaintiff's motion denied and the purchaser's motion granted, with ten dollars costs. The order will also contain a provision canceling Mr. Burchell's bid, directing the return of the sum paid by him to the referee, and, in addition, payment of $102, the expense of examining the title.

Van Brunt, P. J., and Brady, J., concurred.

Order reversed, with ten dollars costs and disbursements, the plaintiff's motion denied and the purchaser's motion granted, with ten dollars costs.